UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN LEE FUTRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-02089-TWP-DKL |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant the United States of America's (the "United States") second Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b)(6). (Filing No. 22.) The dispute in this matter surrounds Plaintiff, John Futrell's ("Futrell") claims of negligence under the Federal Tort Claims Act ("FTCA"), as well as constitutional and statutory claims, all related to purported delays in determining his medical fitness for military service. On January 28, 2016, the Court dismissed Futrell's negligence claim with prejudice based on the *Feres* doctrine, but allowed a narrow opportunity to re-plead his constitutional and statutory claims. (Filing No. 20.) The Amended Complaint re-pleads not only the constitutional and statutory claims, but alleges the following: negligence, §1983 failure to train, supervise and discipline employee, §1983 denial of rights under the Fifth and Fourteenth Amendment, violation of First Amendment right to petition government for redress, violation of the American with Disabilities Act, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Filing No. 21.) For the reasons stated below, the Defendant's second Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

The facts of this case are set forth in detail in the Court's January 28, 2016 Entry on Defendant's Motion to Dismiss (Filing No. 20), and therefore are only summarized in this Entry.

During his military career, which began in 1983, Futrell alternated between a reserve role with the Indiana National Guard and active duty with the United States Army, serving for over twenty-four years and attaining the rank of Captain. While on active duty, Futrell sustained several injuries and was diagnosed with diabetes. In January 2011, Futrell was informed that he would be facing a Medical Evaluation Board ("MEB") because of his diabetes. Around the same time, in August 2011, Futrell submitted four line of duty investigations, seeking to obtain disability benefits related to his injuries.

On October 8, 2011, Futrell was released from active duty. Thereafter, while awaiting the results of the Physical Evaluation Board ("PEB") for a final determination regarding whether he would be found fit or unfit for duty and assigned a disability rating, he remained a member of the U.S. Army Reserve in a reserve status until November 4, 2014. Unfortunately, between December 16, 2011 and January 31, 2013, Futrell went without pay. As a result of his lost wages, Futrell's vehicle was repossessed, he nearly lost his home to foreclosure, suffered damages to his credit rating which prevented him from obtaining a business loan, lost his term life insurance policies due to his inability to make payments, and experienced emotional distress.

On November 5, 2014, Futrell was retired from the Army on the basis of physical disability by the U.S. Army Physical Disability Agency and he became eligible to receive a monthly pension due to disability. In addition, he received incapacitation payments, which fully covered the unpaid wages during the thirteen-month gap in pay. He brings this action to recover damages that he

incurred during the period when he was not paid, beyond his lost wages. Although packaged as several different tort and statutory claims, the basis of Futrell's Amended Complaint appears to be that the United States was negligent in completing the PEB process and the line of duty investigations, causing him damages.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

The United States argues that jurisdiction is absent here. That question must be addressed first, because "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits . . . ." *Crawford v. United States,* 796 F.2d 924, 929 (7th Cir. 1986).

Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case. *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003) (internal citations omitted).

The procedural vehicle used by the United States in challenging the Court's jurisdiction is its motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A district court's dismissal under *Feres* is treated as a dismissal for lack of subject matter jurisdiction." *Smith v. United States,* 196 F.3d 774, 776 n.1 (7th Cir. 1999) (citing cases).

A court ruling on a Rule 12(b)(1) motion to dismiss must accept as true all well-pled factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993). However, where a party raises a factual question concerning jurisdiction, "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction." *Grafon Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979). In such circumstances, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Id*. The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

**B.**     **Federal Rule of Civil Procedure. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to sets forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and

neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

### III. DISCUSSION

Futrell's re-pled negligence claim is nearly identical to his prior negligence claim. (*Compare* Filing No. 1 at 10-12; Filing No. 21 at 12-14.) In addition, he has added two new tort claims: intentional and negligent infliction of emotional distress. The Court previously dismissed the negligence claim *with* prejudice based on the *Feres* doctrine, which bars claims against the federal government by members of the armed forces and their families for injuries arising from or in the course of activity incident to military service, and only granted Futrell limited leave to re-plead his constitutional and statutory claims. (*See* Filing No. 20 at 11.) Nevertheless, so that there is no confusion, the Court will repeat the relevant portions of its prior analysis.

**A.    Federal Tort Claims Act Claims**

The core of Futrell's Amended Complaint is that the United States was negligent in completing the PEB process and the line of duty investigations, causing him damages. The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The *Feres* doctrine further limits this limited waiver of the United States' sovereign immunity.

As explained in this Court's prior order, Futrell's negligence claim is barred by the *Feres* doctrine. The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, in *Feres v. United States*, 340 U.S. 135,

146 (1950), the Supreme Court held that the government is not liable under the FTCA for injuries to servicemen where the injuries "arise out of or are in the course of activity incident to service." The Supreme Court has explained three broad rationales to support *Feres*, including: (1) the need to protect the distinctively federal relationship between the government and the armed forces, which could be adversely affected by applying differing tort laws; (2) the existence of statutory compensatory schemes; and (3) the need to avoid interference with military discipline and effectiveness. *See United States v. Johnson*, 481 U.S. 681, 681-82 (1987).

"The *Feres* doctrine cannot be reduced to a few bright-line rules; each case must be examined in light of the statute as it has been construed in *Feres* and subsequent cases." *United States v. Shearer*, 473 U.S. 52, 57 (1985). Instead, "the dispositive inquiry remains whether the service-member stand[s] in the type of relationship to the military at the time of his or her injury that the occurrences causing the injury arose out of activity incident to military service." *Stephenson v. Stone*, 21 F.3d 159, 162 (7th Cir. 1994); *Duffy v. United States*, 966 F.2d 307, 312 (7th Cir. 1992). Critical in this regard is whether the injury was "incurred while the individual [was] on active duty or subject to military discipline." *Stephenson*, 21 F.3d at 162; *Jones v. United States*, 112 F.3d 299, 302 (7th Cir. 1997). A dismissal under *Feres* is treated as a dismissal for lack of subject matter jurisdiction. *Purcell v. United States*, 656 F.3d 463, 465 (7th Cir. 2011).

In the prior order, this Court concluded that "Futrell was either on active duty or subject to military discipline when his injuries occurred". (Filing No. 20 at 6.) Specifically, the Court noted that Futrell incurred his physical injuries and was diagnosed with diabetes while on active duty and was serving the military in a reserve role during the time period that he was not paid. Courts, including this one, have routinely held that reserve military status is "unquestionably" a military status. *See, e.g.*, *Duffy*, 966 F.2d at 312 (concluding that a serviceman's reserve status was the

6

"*sin qua non*" for his alleged injuries and that the serviceman's injuries were, therefore, incidental to service); *Herreman v. United States*, 476 F.2d 234, 236 (7th Cir. 1973) (concluding that a serviceman's reserve status with the Army National Guard made him a member of the United States Army).

Further, this Court noted that Futrell was "taking advantage of a benefit that was only available to him because of his military status, namely the line of defense determination process and the MEB and PEB process". (Filing No. 20 at 7.) In this regard, the Court explained that Futrell was ultimately discharged on the basis of physical disability by the U.S. Army Physical Disability Agency, a determination that made him eligible for a monthly disability pension through the military; that Futrell ultimately received military incapacitation payments, which fully covered the unpaid wages during the thirteen-month gap in pay; and that these "processes and benefits, about which Futrell now complains, are only available to him because of his military status". *Id.*

The Court cited numerous cases wherein courts had concluded that military personnel were acting "incident to service" and applied the *Feres* bar in cases when military personnel were injured while taking advantage of military perquisites. *See, e.g.*, *Jones*, 112 F.3d at 301-02 (collecting cases and concluding that a serviceman's injuries were incident to military service because they occurred during his participation in the United States Military Olympic trials, a benefit available only to him because of his military status); *Selbe v. United States*, 130 F.3d 1265, 1268 (1997) (concluding that a servicewoman's hand injuries were incident to military service because the servicewoman incurred her injuries while on active duty and while receiving medical treatment at a VA hospital, a benefit only available to her because of her military status); *Walls v. United States*, 832 F.2d 93, 94-96 (7th Cir. 1987) (concluding that a serviceman's death was incident to military service because the serviceman was flying to visit family on a military aircraft

when the airplane crashed, a benefit only available to him because of his military status); *Herreman*, 476 F.2d at 235-37 (concluding that a serviceman's death was incident to military service because the serviceman was flying home from vacation on a military aircraft when the airplane crashed, a benefit only available to him because of his military status).

Nothing in Futrell's Amended Complaint or his repeated argument changes the Court's conclusion. Accordingly, as previously decided, Futrell's negligence claim is once again dismissed with prejudice.

For the same reasons, Futrell's new tort claims of intentional and negligent infliction of emotional distress are also barred by *Feres* and subject to dismissal. As previously explained, the FTCA is the sole remedy for any tort claim resulting from the negligent or wrongful act of a government employee acting within the scope of his employment, *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013), and the *Feres* doctrine prevents liability to the United States for injuries that "arise out of or are in the course of activity incident to military service", *Feres*, 340 U.S. at 146. Futrell's new tort claims are based on the same factual pleadings as his negligence claim. (See Filing No. 21 at 12-14, 22-23.) Accordingly, the same analysis regarding the *Feres* bar applies and these additional tort claims are also dismissed with prejudice for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1).

**B.** **Section 1983 Claims**

The Amended Complaint contains two constitutional claims. Title 42 U.S.C. § 1983, "the ubiquitous federal constitutional tort statute," *Jackson v. Pollion*, 733 F.3d 786, 787 (7th Cir. 2013), "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." Specifically, Futrell alleges a failure to train and supervise claim and a deliberate indifference to medical needs claim under the Fifth and Fourteenth

8

Amendments. Common to each of these claims, however, is the factual allegation that the Defendant "negligently" or "deliberat[ly]" administered the PEB process and the line of duty investigations. (*See* Filing No. 21 at 14, 16.)

Futrell's claims, which are made "[a]gainst Defendants in the Defendants' Official Capacity"[1], are properly interpreted as claims against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (noting that a suit against a government official named in their official capacity is interpreted as a suit against the governmental entity itself); *Hill v. Shelander*, 924 F.2d at 1370, 1372 (7th Cir. 1991). However, the United States is not a "person" subject to suit under § 1983. *See, e.g.*, *Inyo Cnty., Cal. v. Paiute-Shoshone Indians*, 538 U.S. 701, 709 (2003). Moreover, the *Feres* doctrine bars suits for damages against federal officers for constitutional violations. *See Chappell v. Wallace*, 462 U.S. 296, 305 (1983) ("We hold that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."). The United States is not a "person" subject to suit under 42 U.S.C. § 1983. *Accardi v. United States*, 435 F.2d 1239, 1241 (3rd Cir. 1970) (citing *Egan v. City of Aurora*, 365 U.S. 514 (1961)). Accordingly, § 1983 does not apply to actions of the federal government or its officers and these claims are dismissed with prejudice.

**C.    First Amendment Claim**

Futrell has added a First Amendment claim, which appears to be a facial challenge to the *Feres* doctrine. However, this Court previously addressed this argument in its prior order, noting that, "[w]hile it is true that the *Feres* doctrine has been criticized, Congress has not changed its

---

[1] The Defendant notes that the individuals named as parties were neither identified in the caption of Futrell's Amended Complaint nor properly served as defendants. (*See* Filing No. 21 at 1-3.) Futrell appears to concede that he did not intend to add individual defendants as parties to this action (s*ee* Filing No. 26 at 3) ("under the Federal Tort Claims Act, the only proper defendant in this matter is the United States of America"). Further, he did not respond to the Defendant's arguments regarding the failure to provide service to any of the named individuals in his Amended Complaint. (See generally Filing No. 26.)

harsh standard and the Seventh Circuit acknowledges that the doctrine "remains the law until Congress or the Supreme Court decides otherwise" (Filing No. 20 at 9) (citing *Purcell*, 656 F. 3d at 466). Having already addressed this argument and finding it once again unavailing, the Court dismisses Futrell's First Amendment claim with prejudice.

**D.**     **Americans with Disabilities Act Claim**

Futrell has added a claim under the Americans with Disabilities Act ("ADA"). However, the ADA does not apply to the United States and its agencies. *See* 42 U.S.C. § 12111(5)(B)(i) (stating that the term "employer" does not include the United States); *Hancock v. Potter*, 531 F.3d 474, 478 n.4 (7th Cir. 2008) (noting that the term "employer" under the ADA excludes the United States and its agencies from its definition); *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) (noting that the ADA does not apply to federal agencies); *Gordon v. Ill. Army Nat'l Guard*, 215 F.3d 1329, 2000 WL 286091, at *4 (7th Cir. 2000) (unpublished opinion) (holding that Congress did not intend the ADA to apply to relationships between the National Guard and members of the military). Accordingly, Futrell's ADA claim is also dismissed with prejudice.

**D.**     **State Law Claims and Supplemental Jurisdiction**

Finally, Futrell invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to assert state law tort claims against the United States.

The doctrine of supplemental jurisdiction—sometimes referred to as "pendent jurisdiction"—permits "federal courts to decide certain state-law claims involved in cases raising federal questions" when doing so would promote judicial economy and procedural convenience. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 348–49 (1988). Generally, district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

When all of the federal law claims drop out of a complaint, a district court ordinarily should relinquish jurisdiction over state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Sharp Electronics Corp. v. Metropolitan Life Ins. Co.,* 578 F.3d 505, 514 (7th Cir. 2009). This general rule may be overcome when factors such as "the values of judicial economy, convenience, fairness, and comity" favor exercising supplemental jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997). "There are, however, unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point to federal decision of the state-law claims on the merits." *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (1994).

The foregoing factors in the present case favor and virtually compel this Court's retention of jurisdiction over the pendent state law claims. This is because those claims are doomed to failure based on the *Feres* doctrine, which "applies to state law claims because judicial review of a claim for damages asserted on the basis of state law would constitute no less an unwarranted intrusion into the military personnel structure than the entertainment of federal claims." *Davidson v. United States*, No. 15-60567, 2016 WL 1621985, at *2 (5th Cir. Apr. 22, 2016) (internal citations omitted). Because the state tort claims are doomed and are readily resolved on the basis of the United States' motion to dismiss, convenience and judicial economy dictate that the claims remain in federal court until resolved. That resolution, as just explained, is their dismissal.

### IV. CONCLUSION

For the reasons stated above, this action must be dismissed based on the United States' sovereign immunity and based on the *Feres* doctrine more specifically. This is a dismissal for lack

of subject matter jurisdiction and hence the Rule 12(b)(1) portion of the United States' Motion to Dismiss must be **GRANTED.**  No other discussion of Futrell's claims is permitted.  *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)" (citing *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 93–102 (1998))); *Lewis v. Local Union No. 100 of Laborers' Int'l Union of N. Am., AFL-CIO*, 750 F.2d 1368, 1377 n.11 (7th Cir. 1984) ("It is well established that 'lack of jurisdiction renders . . . [a court] powerless to make a decision on the merits.'") (*Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 488 F.2d 75, 76 (5th Cir. 1973)).  The Rule 12(b)(6) portion of the United States' Motion to Dismiss is therefore not addressed.

"Dismissals because of absence of federal jurisdiction ordinarily are without prejudice . . . 'because . . . once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim.'" *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) (quoting *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1217 (10th Cir. 2006)).  The exceptions to this general rule are not applicable here, so the dismissal must be without prejudice.

Lest the parties believe that this jurisdictional dismissal invites the refiling of Futrell's claims in this or some other forum, this is manifestly not the case.  *See Aaron v. Mahl*, 550 F.3d 659, 665 (7th Cir. 2008) ("A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue.") (citing *Perry v. Sheahan,* 222 F.3d 309, 318 (7th Cir. 2000); *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("[A] judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional

dismissal precludes only relitigation of the ground of that dismissal . . . and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect that nowadays goes by the name of claim preclusion.").

For these reasons, the Court **GRANTS** the Defendant's Motion to Dismiss with prejudice (Filing No. 22). The Court will enter final judgment by separate order.

**SO ORDERED.**

Date: 6/7/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Laura M. Longstreet
LONGSTREET LAW, LLC
lauralongstreet@gmail.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov